(117 So. 610)

**SALTER et al. v. STATE.** (6 Div. 331, 332.)

Court of Appeals of Alabama. June 5, 1928.

Rehearing Denied June 30, 1928.

J. B. Powell, of Jasper, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. The evidence in this record has been examined and we find it sufficient to sustain the conviction of both defendants upon either or both counts of the indictment. Those charges instructing the jury to find defendants not guilty are properly refused.

It was proper to allow the state's witness Kilgore to testify that he saw the defendants at the still in February, and testified before the grand jury in May following. The indictment was returned in May and this testimony tended to fix the time.

The defendants offered to prove by Ed Linn that on the morning of the day when these defendants were found by the officers, at a still located near the Warrior river, making whisky, he had rented a boat to three parties in no way connected with the crime here charged. This was entirely immaterial and the court so ruled. It was likewise immaterial and irrelevant that two men were seen in a boat on the Warrior river near the place where the still was found at the time the officers raided the still. Suppose they were, and suppose that they, too, were engaged with these defendants in the operation of this still, such facts would not tend to exonerate these defendants or to contradict the testimony of any of the state's witnesses.

It was immaterial to any issue that a man named Lightfoot asked witness if he had seen the officers cross the creek "there or around there that morning." It might be that both the witness and Lightfoot, one or both, were interested in the still, but this fact would not tend to acquit these defendants.

The questions asked defendant Virgil on cross-examination were within the bounds of legitimate cross-examination.

The excerpt from the remarks of the solicitor, even if error, would not authorize a reversal of this case.

The motion for a new trial was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.